# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 15, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| CHARLA CLENDON, as Personal | * | |
| Representative of the Estate of Edward | * | |
| Alexander Clendon, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-819V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

Nancy R. Meyers, Turning Point Litigation, Greensboro, NC, for Petitioner.
Zoe Wade, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

      On June 11, 2018, Edward Clendon ("Mr. Clendon") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he suffered chronic inflammatory demyelinating polyneuropathy ("CIDP") as the result of an influenza ("flu") vaccination he received on October 2, 2015. Petition at Preamble (ECF No. 1). Upon his death, his wife Charla Clendon ("Petitioner"), as personal representative of his estate, was substituted as Petitioner. On May 10, 2022, the parties filed a stipulation, which the

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

undersigned adopted as her decision awarding compensation on the same day. Decision dated May 10, 2022 (ECF No. 112).

On June 24, 2022, Petitioner filed an application for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Mot."), filed June 24, 2022 (ECF No. 117). Petitioner requests compensation in the amount of $ 71,417.04, representing $36,605.19 in attorneys' fees and costs to Ms. Nancy Meyers, $32,311.85 in attorneys' fees to Ms. Lisa Roquemore, and $2,500.00 in expert costs to Dr. Latov.[3] Id. at 1-2. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of this claim for compensation. Id. at 2. Respondent filed his response on June 28, 2022, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed June 28, 2022, at 2 (ECF No. 118). Petitioner filed a reply on June 28, 2022, concurring with Respondent. Pet. Reply to Resp. Response, filed June 28, 2022, at 1 (ECF No. 119). The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $69,601.09.

**I.      DISCUSSION**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

**A.      Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are

---

[3] Petitioner was previously awarded interim attorneys' fees and costs totaling $74,203.41 on January 25, 2021.

2

"excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Nancy Meyers, $430.00 per hour for work performed in 2021 and $460.00 per hour for work performed in 2022; and for Ms. Lisa Roquemore, $447.00 per hour for work performed in 2021 and 2022. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468, at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable.[4] However, the undersigned finds a reduction in Ms.

---

[4] The undersigned cautions Ms. Roquemore's paralegal against billing for administrative tasks such as downloading documents and updating trial binders.

3

Meyers' fees necessary due to (1) entries related to administrative tasks such as filing[5] and (2) double billing between Ms. Meyers and her paralegals.[6] This is not a new issue to Ms. Meyers. See, e.g., E.A.C. v. Sec'y of Health & Hum. Servs., No. 18-819V, 2021 WL 650518, at *3 (Fed. Cl. Spec. Mstr. Jan. 25, 2021). For these reasons, the undersigned finds a 5% reduction in fees reasonable. This results in a total reduction of $1,815.95.[7] Petitioner is therefore awarded final attorneys' fees for Ms. Meyers of $34,503.05.

### B. Attorneys' Costs

Petitioner requests a total of $286.19 in attorneys' costs for acquiring medical records, FedEx costs, photocopies, and for legal research. Petitioner also requests $2,500.00 for work performed by Petitioner's expert, Dr. Latov. The undersigned has reviewed the requested costs and finds them to be reasonable and will award them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsels as follows:

For Ms. Meyers at Turning Point Litigation:

| Attorneys' Fees Requested | $36,319.00 |
|---|---|
| (Total Reduction from Billing Hours) | -$1,815.95 |
| **Total Attorneys' Fees Awarded** | **$34,503.05** |
| | |

---

[5] A non-exhaustive list of these entries include the following: "file JSR with the Court" on May 7, 2021; "file" records, updated exhibit list, notice of filing, and motion for extension of time on May 17, 2021; "filed" association of counsel on August 23, 2021; "filing of Petitioner's status report" on October 12, 2021; "filing" exhibits, updated exhibit list, notice of filing, witness list, and prehearing memorandum on December 21, 2021; "filing" death certificate, letters of administration, updated exhibit list, and notice of filing on December 22, 2021; "filing" motion to substitute Petitioner, Petitioner's status report, and motion for extension of time on December 23, 2021; "filing" motion for extension of time, updated medical records, updated exhibit list, and notice of filing on January 7, 2022; "filing" amended petition and status report on January 12, 2022; "filing" motion for extension of time on January 13, 2022; "filing" amended exhibits on January 20, 2022; and "filing" joint notice and notice of election to accept judgment on May 11, 2022.

[6] A non-exhaustive list of these entries include the following: "receipt and review" of order granting extension of time from Ms. Meyers and her paralegal on December 14, 2021; "review and approve motion for extension of time for filing" by Ms. Meyers on December 13 and December 14, 2021; and "receipt of order" by Ms. Meyers and her paralegal on December 29, 2021.

[7] $36,319.00 x 0.05 = $1,815.95.

| Attorneys' Costs Requested | $2,786.19 |
|---|---|
| (Reduction of Costs) | |
| **Total Attorneys' Costs Awarded** | **$2,786.19** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$37,289.24** |

For The Law Office of Lisa Roquemore:

| Attorneys' Fees Requested | $32,311.85 |
|---|---|
| (Total Reduction from Billing Hours) | |
| **Total Attorneys' Fees Awarded** | **$32,311.85** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$32,311.85** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $37,289.24, representing reimbursement of attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Nancy Meyers; and**

**A lump sum in the amount of $32,311.85, representing reimbursement of attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Lisa Roquemore; and**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.